# Neil, Appellant, *v.* Neil.

*Judgment note—Promissory notes—Partnership.*

Where one of two partners signs his name to a judgment note in which the name of the payee is left blank, and delivers it to his partner on the understanding that the latter shall sign it, and use it to raise money for the benefit of the firm, and the partner to whom the note is delivered subsequently signs it, and assigns it to another person from whom he receives another note, the proceeds of which he appropriates to his own use, the first partner is liable to the assignee of the note which he signed.

Such a case is ruled by the doctrine that where one of two innocent parties must suffer a loss it must be sustained by the one whose conduct, although blameless, caused the loss.

Argued May 3, 1904. Appeal, No. 116, April T., 1904, by defendant, from order of C. P. Clarion Co., May T., 1903, No. 88, making absolute rule to open judgment in case of W. A. Neil to use of A. W. Corbett v. William A. Neil and J. H. Rifenberick. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Don C. Corbett*, with him *H. E. Rugh*, for appellant.— Where one delivers a note in blank to another he makes the latter his agent to complete the note : Howie v. Lewis, 14 Pa. Superior Ct. 232 ; Simpson v. Bovard, 74 Pa. 351 ; Garrard v. Haddan, 67 Pa. 82.

*George F. Whitmer*, for appellee.—The assignee of a judgment or a judgment note takes subject to all of the existing equities between the parties : Wetter v. Kiley, 95 Pa. 461.

OPINION BY MORRISON, J., July 28, 1904 :

This is an appeal by the plaintiff, Corbett, from the order of the court below opening a judgment entered in favor of the plaintiff and against William A. Neil and J. Rifenberick on a judgment note. This note was dated February 11, 1903, and

was an ordinary promissory note with warrant authorizing any attorney to confess judgment, etc. The name of the payee was left out when the note was executed by Rifenberick, and afterwards Neil, the other defendant, inserted his own name as payee and signed the note above the name of Rifenberick.

It is conceded that Rifenberick and Neil were partners engaged in a general merchandise business at Monessen, Pa., and being desirous of increasing their stock of goods the note in question was executed by Rifenberick and sent to Neil on the distinct understanding that Neil should sign it and use it to raise money for the benefit of the firm. Neil, after inserting his own name as payee and signing the note, assigned it to A. W. Corbett, the plaintiff, and guaranteed the payment thereof and received from Corbett another note of a larger amount, which he took to a bank and had discounted and received the proceeds and appropriated the same to his own use. Upon this state of facts the learned court below opened the judgment as to Rifenberick and permitted him to defend. This order of the court was excepted to by attorneys for Corbett on the same day it was filed, which exception was allowed by the court and a bill sealed. The theory upon which the learned court opened the judgment is that it was a non-negotiable note and that Corbett was affected by all the equities existing between Neil and Rifenberick. On this question the learned judge said : " Mr. Corbett accepted an assignment of the note with the understanding, from the declarations made by Mr. Neil, that this note was given to Mr. Neil in payment for goods sent by him to the store of Neil and Rifenberick at Monessen, Pa., and did not know that Mr. Rifenberick had given the note to Mr. Neil to be discounted for the benefit of the firm. Upon this state of facts the question is, as between Mr. Rifenberick and Corbett, whether the judgment should be opened as to Rifenberick."

" If the note in suit was negotiable, the use plaintiff, A. W. Corbett, being a bona fide holder of the same for value before maturity, would take it without any defense as to the equities between the makers, and if under the evidence the name of A. W. Corbett had been inserted in the note as payee and he had paid the proceeds to W. A. Neil, who had used it for his own individual use and not accounted to his joint maker, J. H.

Rifenberick, for the same, it is possible that the latter would have no defense, as this note was given by the makers as individuals and not signed by the partners as a firm; but the note in suit is a nonnegotiable judgment note, signed by the two individuals, payable to W. A. Neil, and it is well settled by a number of decisions that the assignee of this judgment note is in no better situation than the original creditor, and that whatever defense would have been available by Rifenberick against Neil is available against Neil's assignee." The court cites Eldred v. Hazlett, 33 Pa. 307, in support of this position.

It seems to us that the learned judge entirely misapprehended the situation of the defendant, Rifenberick. It is conceded that he and Neil were general partners; that the note was signed by Rifenberick leaving the payee blank and delivered to Neil to be signed by him and with implied authority in him to insert a payee's name and dispose of the note for the purpose of raising money for the benefit of the firm. When Rifenberick made this arrangement with Neil he took the risk of Neil misappropriating the money after he should raise it upon the note, and this seems to take the case out of the rule invoked by the court below. Suppose Corbett had inquired of Rifenberick as to whether or not Neil had authority to dispose of this note and raise money upon it. In the light of the testimony and the admissions of the defendant, Rifenberick, there could have been but one answer to such inquiry and that would have been yes, I delivered the note to him to dispose of for the purpose of raising money for the firm. Under this state of facts no duty rested upon Corbett to make inquiry or to see that Neil appropriated the money for the benefit of the firm. Rifenberick had entrusted all of this to Neil. It is true there is some evidence that Neil told Corbett that the note was given to pay him for goods furnished to the firm of Neil and Rifenberick. But we cannot see that this changes the situation. When Rifenberick entrusted the note to Neil to dispose of and raise money thereon he took the chances of what Neil might say and do and how he would appropriate the money after receiving it. We think the controlling fact in favor of the plaintiff is that Neil had authority to dispose of this note, and he did dispose of it to Corbett and received

from Corbett a good note, which he took to the bank and negotiated and received the money, and if he had sent this money to the firm of Neil and Rifenberick as he had agreed with his partner to do, no possible exception could have been taken to the transaction and Rifenberick would have been liable beyond all question. But it is said that Neil appropriated the money to his own use and Rifenberick or his firm received no benefit from it. Let this be conceded. It is the result of the betrayal by Neil of the confidence placed in him by his partner and we cannot see why the loss should be visited upon Corbett. It seems to us that this case is ruled by the doctrine that where one of two innocent parties must suffer a loss it must be sustained by the one whose conduct, although blameless, caused the loss. In this case the loss falls upon Rifenberick because his partner, Neil, proved dishonest and did not carry out his agreement made when he induced Rifenberick to execute and deliver the note to him.

In the syllabus of Howie v. Lewis, 14 Pa. Superior Ct. 232, it is said: " The assignee of non-negotiable paper takes it subject to the equities existing between the original parties, but the right of the maker of such paper to assert those equities may be defeated by superior equities in the holder." " If one, by his acts or silence, or neglect, misleads another, or in any manner effects a transaction whereby an innocent person suffers loss, the blamable party must bear it: " Story's Equity, 386–387. " Where one of two innocent persons must suffer loss by reason of the fraud or deceit of another, the loss should fall upon him by whose act or omission the wrongdoer has been enabled to commit the fraud: " Penna. R. R. Co.'s Appeal, 86 Pa. 80 ; O'Connor v. Clark, 170 Pa. 318; Moore v. Metropolitan National Bank, 55 N. Y. 41; McNeil v. 10th National Bank, 46 N. Y. 325.

When Corbett purchased the note from Neil he took the chances of Neil having authority to dispose of the note and bind Rifenberick. And if such authority had been wanting then the principle invoked by the court would apply and Corbett would suffer because he neglected to inquire of Rifenberick before purchasing the note. But Neil did have authority to dispose of the note, and therefore Corbett lost nothing by not inquiring of Rifenberick.

We are of opinion that upon the conceded facts in regard to the agreement between Rifenberick and Neil and the conceded fact that Corbett purchased the note and gave full value therefor, and that the loss to Rifenberick was wholly on account of the dishonesty of Neil and not on account of any dishonesty, fraud or neglect of duty on the party of Corbett, the loss must fall on Rifenberick and not on Corbett.

The assignment of error is sustained and the order of the court below opening the judgment is reversed and the judgment is now reinstated with full force and effect. And it is further ordered that the appellee pay the costs of this appeal.